UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DARIO LARA JACOME,

                              Plaintiff,

       -against-                                *SUA SPONTE* REPORT AND RECOMMENDATION

KOSHER BRAVO PIZZA LLC and YOSSEF AZIZO,          22-CV-6521 (EK)(MMH)

                            Defendants.
-------------------------------------------------------------- X

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Dario Lara Jacome brought this action against Defendants Kosher Bravo Pizza LLC and Yossef Azizo, alleging failure to pay overtime and minimum wage and other wage and hour violations. (*See generally* Compl., ECF No. 1.) Since June 2023, Plaintiff has been absent from the case and has failed to comply with court orders. Accordingly, the Court respectfully and *sua sponte* recommends dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

       Plaintiff filed the Complaint in October 2022 and served summonses on both Defendants in March 2023, after several unsuccessful attempts at service. (*See* ECF Nos. 1, 6–7, 12–13, 16–17.) At that time, Plaintiff was represented by attorney Daniel Schlade of Justicia Laboral, LLC. After Defendants filed their answer on March 23, 2023, the Court referred the parties to Court-annexed mediation. (Mar. 28, 2023 FLSA Mediation Referral, ECF No. 19.)

       On May 30, 2023, attorney Schlade moved to withdraw as counsel, citing an inability to reach Plaintiff since April 1, 2023, despite numerous attempts to communicate via phone,

text message, and postal mail. (*See generally* Mot., ECF No. 20.) The Court ordered Plaintiff to appear with counsel at a telephone status conference. (June 6, 2023 Scheduling Order.) Plaintiff's counsel appeared but Plaintiff did not. (*See* June 30, 2023 Min. Entry.) The Court deferred decision on Plaintiff's counsel's motion for 30 days to allow Plaintiff one more opportunity to respond to his counsel. (*Id.*) The Court warned that Plaintiff's failure to respond to his counsel may result in a recommendation to dismiss the action for failure to prosecute. (*Id.*) Counsel served both English and Spanish copies of the Court's directive to Plaintiff by postal mail and via attempted text message and by texting a copy to Plaintiff's friend. (Aff. of Service, ECF No. 21.) The Court granted counsel's motion on August 18, 2023. (Aug. 18, 2023 Order.) The Court also entered an order directing Plaintiff, now appearing *pro se*, to advise the Court in writing by September 7, 2023 regarding his intentions to proceed with the case and warned that failure to timely comply would result in a recommendation to dismiss the case. (*See* Aug. 18, 2023 Order.) The Clerk of Court mailed the Order to Plaintiff at his address listed on the docket, which is the same address that counsel used to communicate with Plaintiff. To date, the mail has not been returned as undeliverable, yet Plaintiff has not responded.

## II.     DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (finding that the power to dismiss for failure to prosecute "while explicitly sanctioned by Rule 41(b) has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in

2

courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (cleaned up).  In determining whether to dismiss a plaintiff's case pursuant to Rule 41(b), the court considers: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216. "No single factor is generally dispositive." *Id.*

After carefully reviewing the record and considering the *Baptiste* factors, the Court finds sufficient grounds for dismissal of this action.

*First*, Plaintiff failed to comply with this Court's scheduling order to appear for the June 2023 status conference and failed to respond to the Court's order to state his intentions for this case.  (*See* June 6, 2023 Scheduling Order; June 30, 2023 Min. Entry; Aug. 18, 2023 Order.)  This factor weighs in favor of dismissal.  *See Lewis*, 564 F.3d at 576 (collecting cases where failure to comply with scheduling or other orders warrants dismissal).

*Second*, Plaintiff was on notice from the Court and counsel that failure to participate in this case could result in dismissal.  *See Baptiste*, 768 F.3d at 218 (reversing *sua sponte* dismissal in part because "the district court's orders did not provide clear guidance on how [plaintiff] could avoid dismissal").  The Court warned Plaintiff twice that failure to respond to his attorney or to this Court's orders would result in a recommendation to dismiss this action for failure to prosecute.  (June 30, 2023 Min. Entry; Aug. 18, 2023 Order.)  Notwithstanding

these notices and opportunities to be heard, to date Plaintiff still has not responded. This factor thus weighs heavily in favor of dismissal.

*Third*, Defendants are likely to be prejudiced because Plaintiff has failed to take any action in this case and as a result, caused an unreasonable delay. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) (courts may presume such prejudice when the petitioner has caused an unreasonable delay).

*Fourth*, while there is no "compelling evidence of an extreme effect on court congestion," *Baptiste*, 768 F.3d at 218, the Court cannot conclude that Plaintiff has any interest in being heard in this forum. Plaintiff has been absent from this case since at least May 2023, when his counsel moved to withdraw due to an inability to contact Plaintiff. (*See* ECF No. 20.) "It is not an efficient use of the Court's or defendant['s] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). This factor therefore weighs heavily in favor of dismissal.

Finally, there appears to be no sanction available other than dismissal where, as here, Plaintiff has failed to prosecute the claims at all. Accordingly, the Court recommends that this case should be dismissed.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully and *sua sponte* recommends dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation and the full docket sheet to Plaintiff at the mailing address listed on the docket: Dario Lara Jacome, 1895 Coney Island Avenue, Brooklyn, NY 11230.

Within 14 days of service, a party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to the Honorable Eric Komitee.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
April 15, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge